Opinion issued August 4, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00531-CR
## NO. 01-14-00532-CR

———————————

**JAMES MAURICE GRIMES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 0643491 & 9400486**

---

## MEMORANDUM OPINION

Appellant James Maurice Grimes was convicted for the offenses of first-degree murder and aggravated kidnapping. Both convictions were affirmed on appeal. *See Grimes v. State*, No. 01-96-01303-CR, 1998 WL 723741 (Tex. App.—Houston [1st Dist.] Oct. 1, 1998, pet. ref'd) (affirming murder conviction); *Grimes*

*v. State*, No. A14-93-01068-CR, 1994 WL 622036 (Tex. App.—Houston [14th Dist.] Nov. 10, 1994, no pet.) (affirming aggravated kidnapping conviction).

Motions for post-conviction DNA testing were granted in both cases by the trial court. *See* TEX. CODE CRIM. P. arts. 64.01(a-1), 64.03. Before the trial court entered any findings as a result of the DNA testing, *see id*. art. 64.04, Grimes filed a second motion, again requesting DNA testing in the same cases. The appellate records do not reflect any separate rulings on these second requests for DNA testing. *See id*. art. 64.03. However, the trial court did appoint attorney Patti Sedita to represent Grimes "for the purpose of post-conviction DNA testing" in both cases.

Subsequently, but before the entry of any findings on the DNA testing, Grimes filed pro se notices of appeal in both cases, purporting to appeal "the Trial Court's denial of appellant's Motion [f]or DNA Testing, Article 64.01 C.C.P."

The appellate records in both cases reflect that after Grimes's notices of appeal were filed, the trial court filed its finding, applicable to both cases, that the results of the forensic DNA testing were "*not* favorable" to Grimes, and that he "failed to establish a reasonable probability that, had the results of this forensic DNA testing been available before or during the trial of the instant offense[s], the defendant would not have been prosecuted or convicted." *See id.* art. 64.04.

An appeal from a denial of a motion for DNA testing is treated "in the same manner as an appeal of any other criminal matter." *Id*. art. 64.05. Grimes purports to

2

appeal from the denial of DNA testing, but the records demonstrate that his initial request for DNA testing was granted. There is no order denying the second motion. Accordingly, we dismiss the appeal for lack of jurisdiction because there is no appealable order denying DNA testing. *See*, *e.g*., *Loya v. State*, No. 13-15-00489-CR, 2015 WL 8538766, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 10, 2015, no pet.) (mem. op., not designated for publication) (dismissing appeal challenging failure to rule on motion for DNA testing for lack of jurisdiction).

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).